Hackett vs. His Creditors.

No. 10,692.

## MICHAEL HACKETT vs. HIS CREDITORS.

The order of a court accepting a voluntary cession is not a definitive judgment which can acquire the force of *res judicata*.

It is merely an interlocutory order, the execution of which can not cause an irreparable injury.

It is revocable or amendable, if erroneous, by a proper proceeding, contradictorily instituted and determined.

It is not one of that class of judgments, the effect of which can be stayed by appeal.

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

*W. S. Benedict* for the Appellant.

*W. S. Parkerson* for the Appellee.

The opinion of the court was delivered by

BERMUDEZ, C. J.   The appeal in this case is taken by a creditor of the plaintiff, for a small amount, from the order of the District Judge, accepting the voluntary surrender made by him.

The complaint is that there is error in this acceptance, to the prejudice of that creditor who feels aggrieved thereby.

The error charged consists in this: That the schedule presented by the insolvent contains a too brief and vague statement of the assets, and does not conform with legal exigencies.

The property abandoned is stated to be as follows:

| | |
|---|---:|
| Store and dwellings 402 Dryades street | $4,500 |
| Stock in trade | 6,000 |
| Outstanding accounts | 10,000 |
| One horse, one mule, one wagon (separately valued) | 550 |
| | $21,050 |

The creditors are named, and the amounts due each respectively are stated in several *exhibits*, which show the amount of the passive to be $30,067.45.

The appeal is unwarranted.

The order rendered by the District Judge is not a final judgment susceptible of acquiring the force of *res judicata*.

It is a mere *ex parte* order, not even an ordinary interlocutory decree, contradictorily rendered.

It is not an order or decree, susceptible, by its execution, of causing any irreparable injury to the appellant, and there is no averment or pretence that it does.

It is an order which can be rescinded or modified by some appropriate proceeding in the lower court, contemplating a requirement for further description of the assets, or for the rejection of the application for the benefit of the insolvent laws, or some other purpose.

The order, as made, can only enure to the advantage of the creditors of the insolvent, who, if the statement of assets is unsatisfactory, either because not sufficiently detailed or explicit, or because it does not include all the property of the applicant, or for some other reason, are not thereby deprived of any legal remedy, to have their rights adjusted. 42 An. 71; 20 An. 364; 36 An. 909; R. S. 1795, 1786, 1789.

If injury can be sustained by the creditors, it is not surely any inflicted by the action of the judge, but rather that occasioned by the move of the appellant, which leaves the applicant in possession and procrastinates a liquidation and distribution.

If there be error in having accepted the cession, it can not be redressed in the form attempted.

Appeal dismissed.